**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SUSAN BASSFORD,**

**Plaintiff,**

**v.** **CASE NO:**

**CITY OF PLANT CITY,**

**Defendant.**
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SUSAN BASSFORD, (hereinafter "Plaintiff" or "Ms. Bassford"), by and through the undersigned counsel, hereby sues Defendant, CITY OF PLANT CITY (hereinafter "Defendant," "the City," or "Company") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and

privileges of her employment because of her disability, failed to provide reasonable accommodations, and retaliated against her in violation of her rights under the ADA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§

1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

**PARTIES**

8. Plaintiff is SUSAN BASSFORD, a 53-year-old female who has been diagnosed with mental health disabilities including anxiety, depression, PTSD and ADHD, for which she takes medication and receives ongoing medical treatment.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under the ADA.

10. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

11. At all times material herein, Plaintiff was an employee entitled to protection as defined by the ADA.

12. The Defendant, CITY OF PLANT CITY, is a municipal

government employer with its principal place of business located at 302 W Thomas St, Plant City, FL 33563.

13. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employed more than fifty (50) employees.

14. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to the ADA.

15. Accordingly, Defendant is liable under the ADA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

16. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

17. On December 17, 2025, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, disability discrimination.

18. On December 18, 2025, the EEOC issued Plaintiff a Notice of

Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2026-00632) against Defendant.

19. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

20. Plaintiff Susan Bassford suffers from mental health disabilities including anxiety, depression, PTSD and ADHD, for which she takes medication and receives ongoing medical treatment. Ms. Bassford's mental health conditions substantially limit one or more major life activities, including but not limited to concentrating, thinking, and interacting with others.

21. On March 16, 2020, Ms. Bassford began working for Defendant City of Plant City as an Administrative Assistant II in the Library Department, where she worked for approximately five years with no performance issues.

22. Throughout her employment, Ms. Bassford never received anything lower than "meets expectations" on her annual evaluations, was never placed on probation, never received formal reprimands, and received formal awards or recognitions for her work.

23. Beginning December 22, 2022, and continuing through February 2025, Ms. Bassford received extensive medical treatment for her mental health conditions, including treatment from multiple providers such as LIFESTANCE HEALTH ND and MINDPATH HEALTH FLORIDA PLLC, as well as multiple hospital visits.

24. On November 7, 2024, Ms. Bassford requested intermittent FMLA leave due to her mental health conditions.

25. On October 29, 2024, Ms. Bassford made complaints to Human Resources about the library director threatening to give her a poor performance review after the director had told her not to go to HR on three separate occasions beginning in February 2023.

26. On January 29, 2025, Ms. Bassford experienced a traumatic incident at the library that caused her to run out of the building. She never returned to the Library Department.

27. On February 18, 2025, Ms. Bassford went on FMLA leave due to the exacerbation of her mental health conditions caused by the workplace trauma and continued discrimination.

28. Ms. Bassford's FMLA leave continued through May 13, 2025, after which she received an additional 30-day medical sick leave. During her

leave, her previous position in the Library Department was filled due to the department's needs.

29. On June 17, 2025, Ms. Bassford returned to work and began a new position as Accounting Clerk I in the Finance Department under the supervision of Diane Reichard, Finance Director, and later Heather Bowman, direct supervisor.

30. On July 29, 2025, Ms. Bassford made her initial disclosure that her mental health was affecting her job performance during a meeting with Finance Director Diane Reichard and supervisor Heather Bowman at a Burger King restaurant outside of work.

31. During this meeting, Ms. Bassford's supervisors advised her not to go to Human Resources and suggested she work half days for the week as an informal accommodation.

32. Throughout July, August, and September 2025, Ms. Bassford continued to express her anxiety and need for accommodations to supervisor Heather Bowman, but was consistently discouraged from seeking formal accommodations through Human Resources.

33. On September 18, 2025, Heather Bowman was terminated from her position, and Tyler Corbin became Ms. Bassford's new supervisor.

34. In September 2025, Ms. Bassford continued to express her anxiety and mental health struggles to Tyler Corbin, seeking understanding and informal accommodations.

35. In late September 2025, Ms. Bassford applied for an internal Legal Assistant position but never received a response to her application, despite her qualifications and tenure with the City.

36. During this time period, Ms. Bassford was experiencing significant personal stressors that exacerbated her mental health conditions, including the death of her mother in 2023, domestic issues with her husband including verbal abuse, stalking incidents involving someone entering her home and breaking into her car, and financial difficulties that led to her living in her car from September to October 2025.

37. On October 21, 2025, Ms. Bassford expressed her anxiety to Tyler Corbin for the last time, continuing to seek understanding and accommodations for her mental health conditions.

38. Despite Ms. Bassford's repeated disclosures of her disability and requests for accommodations, Defendant failed to engage in the interactive process required under the ADA and instead began documenting alleged performance issues.

39. Between July and November 2025, Defendant's management held discussions on July 23, September 2, and September 8 regarding Ms. Bassford's performance, but failed to provide her with adequate support or reasonable accommodations for her disclosed mental health disabilities.

40. Rather than providing reasonable accommodations such as a flexible schedule, modified duties, or time off for medical appointments, Defendant instead focused on documenting alleged attendance and performance issues.

41. On November 14, 2025, Assistant Finance Director Jen Forsberg wrote a termination recommendation memo citing alleged violations of City policy, including attendance issues and job performance errors.

42. The termination memo alleged that Ms. Bassford was tardy 28 out of 32 days (88%) from September 18 through October 31, 2025, and cited various alleged performance errors including invoice processing issues.

43. On November 14, 2025, effective November 15, 2025, Ms. Bassford was terminated from her employment by Human Resources Director Christi Charlow in the HR office, with Diane Reichard and Jen Forsberg present.

44. The stated reason for termination was job performance and

attendance issues, with Defendant claiming the termination was "in the best interests of the City."

45. Ms. Bassford was terminated just four months before she would have become vested in the City's retirement plan in March 2026, resulting in significant financial loss.

46. At the time of her termination, Ms. Bassford was earning $24.24 per hour and was receiving benefits including medical insurance, vision insurance, and participation in the City's 401(a) pension plan with 8% city contribution.

47. As a result of her termination, Ms. Bassford lost not only her income but also her health insurance benefits at a time when she needed ongoing medical treatment for her mental health conditions.

48. On November 21, 2025, Ms. Bassford sent a letter to City Manager Bill McDaniel requesting a post-termination hearing and disputing the accuracy of the allegations in the termination memo, noting that the memo contained stigmatizing information that could damage her professional reputation.

49. Throughout her employment with Defendant, Ms. Bassford was repeatedly discouraged from seeking formal accommodations through

Human Resources, creating a pattern of preventing her from accessing the protections afforded under the ADA.

50. Defendant's pattern of discouraging Ms. Bassford from going to HR occurred on multiple occasions: first by the library director beginning in February 2023, then by supervisors Diane Reichard and Heather Bowman in July 2025, and continuing throughout her employment in the Finance Department.

51. Upon information and belief, Defendant has treated other employees more favorably than Ms. Bassford. Specifically, there were at least two instances where employees selected for internal positions were unable to fulfill job requirements but were given positions more suited for them rather than terminated, and these employees remain employed with Defendant.

52. Defendant's failure to provide reasonable accommodations and its discriminatory treatment of Ms. Bassford was particularly egregious given her long tenure with the City, her previously satisfactory performance record, and her clear communications about her need for accommodations due to her mental health disabilities.

53. The alleged performance and attendance issues cited as grounds

for Ms. Bassford's termination were directly related to and caused by her mental health disabilities, for which Defendant failed to provide reasonable accommodations.

54. Ms. Bassford's mental health conditions have been significantly exacerbated by Defendant's discriminatory treatment, failure to accommodate, and ultimate termination, causing her additional emotional distress, anxiety, and depression.

55. Since her termination on November 15, 2025, Ms. Bassford has remained unemployed despite applying for multiple positions, and has been forced to rely on unemployment benefits beginning January 9, 2026.

56. Ms. Bassford's termination has caused her severe financial hardship, including the loss of her opportunity to vest in Defendant's retirement plan, loss of health insurance coverage during a critical time when she requires ongoing medical treatment, and loss of future earnings and benefits.

57. The discriminatory actions taken by Defendant were intentional, willful, and done in reckless disregard of Ms. Bassford's federally protected rights under the ADA.

58. As a direct and proximate result of Defendant's unlawful

discrimination and retaliation, Ms. Bassford has suffered and continues to suffer economic losses, emotional distress, mental anguish, humiliation, and damage to her professional reputation.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## Disability Discrimination / Failure to Accommodate
## 42 U.S.C. §§ 12101-12213

59. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. At all times material, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

61. At all times material, Defendant was an employer within the meaning of the ADA.

62. Defendant knew of Plaintiff's disabilities, including anxiety, depression, PTSD and ADHD.

63. On or about July 29, 2025, and continuing thereafter through October 21, 2025, Plaintiff disclosed her disabilities and requested reasonable accommodations for limitations caused by those disabilities.

64. Plaintiff's requested accommodations included workplace

flexibility, understanding regarding disability-related limitations, modified duties, additional training, and/or time off or scheduling flexibility for treatment and related symptoms.

65. Plaintiff was able to perform the essential functions of her position with reasonable accommodation.

66. Defendant failed to provide Plaintiff with reasonable accommodations for her known disabilities.

67. Defendant also failed to engage in the interactive process in good faith after Plaintiff disclosed her disabilities and requested accommodation.

68. Instead of engaging in a good-faith interactive process and providing reasonable accommodation, Defendant discouraged Plaintiff from seeking formal accommodations through Human Resources and focused on documenting alleged attendance and performance issues.

69. The attendance and performance issues cited by Defendant were caused by, related to, or exacerbated by Plaintiff's disabilities and Defendant's failure to accommodate them.

70. On November 15, 2025, Defendant terminated Plaintiff's employment because of her disability, because of conduct related to her disability, and/or after failing to reasonably accommodate her disability.

71. Defendant thereby discriminated against Plaintiff on the basis of disability in violation of the ADA.

72. As a direct and proximate result of Defendant's ADA violations, Plaintiff has suffered damages, including lost wages, lost benefits, loss of retirement-related benefits, loss of health-insurance benefits, emotional distress, mental anguish, humiliation, and other compensatory damages recoverable under the ADA.

**WHEREFORE**, the Plaintiff, SUSAN BASSFORD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CITY OF PLANT CITY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay

with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to the ADA;

D. Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## Retaliation
## 42 U.S.C. §§ 12101-12213

73. Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

74. At all times material, Plaintiff engaged in protected activity under the ADA by disclosing her disabilities and requesting reasonable accommodations.

75. Plaintiff engaged in such protected activity on or about July 29, 2025, repeatedly thereafter during August, September and October 2025, and again on or about October 21, 2025.

76. After Plaintiff engaged in protected activity, Defendant subjected her to materially adverse actions, including increased scrutiny, documentation of alleged attendance and performance deficiencies, and termination of her employment.

77. On November 14, 2025, Defendant prepared a termination recommendation memorandum concerning Plaintiff.

78. On November 15, 2025, Defendant terminated Plaintiff's

employment.

79. Defendant's adverse actions were taken because Plaintiff engaged in protected activity under the ADA.

80. The close temporal relationship between Plaintiff's protected activity and Defendant's adverse actions, together with Defendant's escalating scrutiny after her accommodation requests, support a causal connection between the protected activity and the adverse actions.

81. Defendant thereby retaliated against Plaintiff in violation of the ADA.

82. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages, including lost wages, lost benefits, loss of retirement-related benefits, loss of health-insurance benefits, emotional distress, mental anguish, humiliation, and other compensatory damages recoverable under the ADA.

**WHEREFORE**, the Plaintiff, SUSAN BASSFORD, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, CITY OF PLANT CITY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A. Grant judgment in favor of Plaintiff and declare that Defendant

has violated the ADA. 42 U.S.C. § 12101 et seq., as amended, and its implementing Regulations, by failing to provide reasonable accommodations for Plaintiff's disability;

B. Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's failure to accommodate her disability, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C. Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's failure to accommodate pursuant to the ADA;

D. Award Plaintiff all other damages available under the ADA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the ADA, according to proof;

E. Award Plaintiff pre- and post-judgment interest calculated at the

prevailing rate, as provided by law;

F. Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G. Grant such other and further relief as this Court may deem equitable, just, and proper.

**COUNT III**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**Retaliation**
**29 U.S.C. §§ 2601-2654**

83. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 as though fully set forth herein.

84. At all times material, Plaintiff was an eligible employee within the meaning of the FMLA.

85. At all times material, Defendant was an employer covered by the FMLA.

86. Plaintiff suffered from serious health conditions within the meaning of the FMLA.

87. Plaintiff exercised rights protected by the FMLA when she requested and took FMLA leave for her serious health conditions.

88. Plaintiff requested intermittent FMLA leave on or about

November 7, 2024.

89. Plaintiff thereafter took FMLA leave beginning February 18, 2025 and continuing through May 13, 2025.

90. Defendant knew Plaintiff had exercised rights protected by the FMLA.

91. After Plaintiff returned from FMLA leave, Defendant subjected her to adverse employment actions, including heightened scrutiny, documentation of alleged attendance and performance issues, and termination of her employment.

92. Between July 2025 and November 2025, Defendant documented alleged deficiencies and discussed Plaintiff's performance while failing to provide support for her return to work.

93. On November 14, 2025, Defendant prepared a termination recommendation memorandum concerning Plaintiff.

94. On November 15, 2025, Defendant terminated Plaintiff's employment.

95. Defendant terminated Plaintiff because she exercised rights protected by the FMLA.

96. The timing of Defendant's actions after Plaintiff's protected leave

and return to work, together with Defendant's reliance on issues related to the same health conditions for which Plaintiff took leave, support a causal connection between Plaintiff's FMLA-protected activity and her termination.

97. Defendant's stated reasons for its actions were a pretext for retaliation.

98. Defendant thereby retaliated against Plaintiff in violation of the FMLA.

99. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, salary, employment benefits, other compensation, interest, and other monetary losses recoverable under the FMLA.

100. Plaintiff is further entitled to liquidated damages under the FMLA because Defendant did not act in good faith and lacked reasonable grounds for believing its conduct complied with the FMLA.

101. Plaintiff is also entitled to such equitable relief as may be appropriate, including reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages allowed under 29 U.S.C. § 2617, including lost wages, lost benefits,

interest, liquidated damages, equitable relief including reinstatement or front pay, attorneys' fees, taxable costs, and all further relief the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 17th day of March 2026.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com